## Basanta *v.* El Pueblo.

Apelación procedente de la Corte de Distrito de San Juan.

No. 27.—Resuelto en Noviembre 23, 1904.

Apelación—Cuantia de la Reclamación.—El recurso de apelación para ante el Tribunal Supremo procede contra todas las resoluciones dictadas por las Cortes de Distrito en asuntos civiles, con excepción de aquellos de que conocieren los Jueces Municipales, ó sea, en que la cuantia de la cosa reclamada no exceda de cuatrocientos dollars.

Id.—Jurisdicción Contencioso Administrativa.—La jurisdicción contencioso-administrativa ha sido ya suprimida, mas la antígua Ley de lo Contencioso-administrativo otorgaba el recurso de apelación contra sentencias dictadas en pleitos que tuvieran tal carácter.

Contribución Sobre Herencia—Apelación.—El recurso de apelación que autoriza el artículo 374 del Código Político, en favor de la persona ó beneficiario á quien pueda afectar la valoración y cómputo de la contribución á que el mismo se refiere, deberá interponerse precisamente dentro de los treinta dias de haber quedado ultimada por Tesoreria la referida valoración y cómputo, y si transcurriere dicho término, se entenderá caducado el derecho de la parte para recurrir contra là misma.

Id.—A los efectos de la anterior doctrina se entiende ultimado el cómputo y valoración de la contribución, una vez que se hubiere fijado por tesoreria su importe y ordenado el cobro de la misma.

Id.—El término para la apelación á que se refiere el mencionado art. 374, no puede

estimarse interrumpido por gestiones no autorizadas por la ley, practicadas ante la autoridad administrativa despues de terminada su jurisdicción en el asunto.

Id.—Pago de las Contribuciones y Costas.—Para la admisión del recurso de apelación á que se refieren los párrafos anteriores, es indispensable que la parte haya pagado con anterioridad todas las costas y contribuciones que le fueren impuestas por los conceptos á que dicho artículo se refiere.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rossy, Fiscal.*

Abogado del apelado: *Sr. Guerra (Gabriel).*

El Juez Asociado Sr. Hernández, emitió la opinión del Tribunal.

· Habiendo fallecido Don Jorge Y. Finlay en veinte y cuatro de Diciembre de mil novecientos dos, bajo testamento otorgado ante el Notario Don Mauricio Guerra, los Sres. Waymouth ,por poder de Doña Alice Basanta, y Don Juan J. Finlay, como albacea del finado, en cumplimiento de la sección 98 de la ley para proveer de rentas al Pueblo de Puerto Rico y para otros fines, aprobada en 31 de Enero del año anterior, presentaron al Tesorero de Puerto Rico, con fecha 23 de · Enero de 1903, una notificación de dicho fallecimiento, haciendo constar en ella que el expresado Don Jorge Y. Finlay, con residencia en esta ciudad de San Juan, había fallecido en la mencionada fecha, bajo el testamento de que se deja hecho mérito, dejando como bienes los que en dicha declaración se expresan, con la correspondiente valoración, y como herederos y legatarios á los que también en aquélla se relacionan, con el grado de parentezco respectivo, en relación con el testador, entre cuyos legatarios aparece Doña Alice Basanta con diez mil pesos en efectivo y muebles de la propiedad del finado, apreciados en cien dollars, con la casa número 2 de la calle de San Justo, en usufructo, la que produce tres mil dollars al año, siendo su valor de treinta mil dollars, y con cien cuerdas mas de terreno, de la hacienda Cármen de Vega Alta, también en usufructo, las que se calcula producen mil doscientos dollars al año, y han sido valoradas en diez mil dollars, cuyas

partidas todas dan el total de 50.100 dollars, habiendo nota expresiva de que á la muerte de la usufructuaria la casa y los terrenos pasarían á las hijas del finado, llamadas Doña Emilia, Doña Inés y Doña Josefina.

Al final ó pié de la expresada declaración de bienes, hay un decreto marginal ó endoso de fecha 16 de Febrero de 1903, con el sello de la Colecturía de Rentas Internas de San Juan, y firma del Colector S. Dones, cuyo endoso copiado á la letra dice así:—"Respetuosamente referido al Hon. Sr. Tesorero, significando que se ha hecho una correcta descripción de los bienes declarados en la presente," y á continuación, en la casilla correspondiente, se fijó en cinco mil cuatrocientos cincuenta y dos dollars cincuenta centavos, la contribución que debían satisfacer los herederos y legatarios de Don Jorge Y. Finlay, por los diversos conceptos que se explican, cantidad y conceptos conformes en un todo con los que se consignan en la comunicación que, con fecha del día siguiente 17 de Febrero, dirijió el Sr. Tesorero al Albacea Don Juan Finlay, para que verificara el correspondiente pago; pero la expresada cantidad de 5.452 dollars 50 centavos, en 22 de Abril del mismo año, fué reducida por el Tesorero á 3,911 dollars 70 centavos, por haberse justificado que las participaciones en metálico que tenían Da. Alice Basanta y otros, en la herencia de Don Jorge Y. Finlay, debían entenderse en la antígua moneda provincial del país, y no en la moneda oficial en curso.

La expresada suma de 3,911 pesos 70 centavos, de los que corespondían 2,379 dollars á Da. Alice Basanta, por el legado á su favor, fué satisfecha por el Albacea Don Juan F. Finlay, en 25 de Abril citado, según oficio del Colector de Rentas Internas Don S. Dones al Tesorero de la Isla, sin protesta alguna por parte del albacea, ni de los interesados en el pago de referencia.

Con fecha 11 de Mayo siguiente el abogado Don Gabriel Guerra, en representación de Doña Alice Basanta, acudió por

escrito al Tesorero alegando haberse cobrado indebidamente
la contribución sobre el usufructo, ó sea la cantidad de 2,190
dollars, puesto que su representada solo debió pagar 189 do-
llars sobre el legado de seis mil, hecho á su favor por Don
Jorge Y. Finlay, por lo que suplicaba la devolución de la suma
de 2,190 dollars, indebidamente cobrada, sobre cuyo escrito
emitió opinión el Hon. Attorney General, que no consta cuál
fuera, por más que indudablemente fué contraria á la pre-
tensión de Guerra, pués éste, con fecha 1 de Junio siguiente,
presentó nueva instancia al Tesorero, exponiendo que disentía
de aquella opinión y se reservaba el derecho de entablar, ante
quien procediera, la apelación correspondiente, y alegando,
además, que para los efectos de la contribución exijida debía
estimarse el valor del usufructo en la 4ª. parte del valor de la
propiedad, según prevenía la Ley Hipotecaria en la regla 4ª
de las generales para fijar los honorarios de los Registra-
dores; y así estaba también ordenado en tiempo de la do-
minación española, por las disposiciones que regulaban el im-
puesto de derechos reales y trasmisión de bienes; por lo que
suplicaba se le devolviera la cantidad de 1,821 dollars indebi-
mente cobrada pués, con arreglo á la base expuesta, solo debió
pagar Da. Alice 558 dollars, y en caso negativo, se explicara
el fundamento que tuvo en cuenta la Tesoreria para cobrar á
Doña Alicia la cantidad de 2,379 dollars.

La Tesorería pidió al Letrado Don Gabriel Guerra in-
formación acerca de la fecha del nacimiento de Da. Alice
Basanta, para fijar la cantidad que debía habersele cobrado
por razón del beneficio ó interés del usufructo durante su vida,
pues si entre el valor de ese interés y el de la propiedad ó
capital resultaba alguna diferencia, éste debía cargarse á las
hijas del finado, á cuyas manos había de venir la propiedad á
la muerte de la Basanta, y habiendo sido suministrado por el
Letrado Sr. Guerra el informe solicitado, comunicó dicho
Centro al Sr. Guerra, en dos de noviembre de 1903, que tenien-
do en cuenta las probabilidades de vida de Da. Alice Basanta

y las rentas de los bienes legados en usufructo, más la suma que se le dejaba en efectivo, le correspondía satisfacer por contribución de herencia la cantidad de 2,959 dollars 56 centavos, ó sean 580 dollars 56 centavos más que lo pagado, sin que conste que Da. Alice Basanta haya pagado esa diferencia, ni tampoco que se le haya cobrado.

Da. Alice Basanta, por medio de su repetido Letrado, presentó escrito ante el Tribunal de Distrito de San Juan, en 1 de Diciembre siguiente, interponiendo recurso de apelación contra la resolución del Tesorero de fecha 2 de Noviembre; y habiéndose reclamado el expediente administrativo, en que se dictó la resolución apelada, fueron oidas las partes, ó sean, el Letrado de Da. Alice Basanta y el Fiscal de la expresada Corte, en representación del Tesorero de Puerto Rico, quién se opuso al recurso por no haber sido interpuesto en término legal y por haberse hecho el pago de la contribución sin protesta alguna de Doña Alice Basanta, habiéndose dictado resolución, por mayoría de votos, con fecha 25 de Febrero del corriente año, en el sentido de que el cómputo de la contribución sobre herencia impuesta á los legados dejados á Da. Alice Basanta por Jorge Y. Finlay, debe hacerse estimando el valor del usufructo de la casa número 2 de la calle de San Justo de esta Ciudad y de las cien cuerdas de terrenos de la Hacienda Cármen de Vega-Alta, en la cuarta parte del avalúo de dichos bienes, sin especial condenación de costas, contra cuya resolución interpuso la representación del Tesorero recurso de apelación que le fué admitido.

Ambas partes han alegado ante esta Corte Suprema, por escrito y oralmente, cuanto han estimado conducente á la defensa de sus respectivas pretensiones, sosteniendo, además, la parte apelada, la improcedencia del recurso por tratarse de un fallo ejecutorio, contra el que no cabe recurso alguno.

Expuestos los hechos que quedan relatados, toca á este Tribunal considerar previamente: 1. si cabe ó no recurso de apelación contra resolución que dictó por mayoría de votos la

Corte de San Juan en 25 de Febrero último: 2 si procedía ó no ante la referida Corte el recurso de apelación interpuesto contra la resolución del Tesorero de Puerto Rico, comunicada á Da. Alice Basanta, por medio de su Letrado, en dos de Noviembre próximo pasado.

No cabe duda alguna de que procede recurso de apelación contra la sentencia dictada por la Corte de San Juan, y que por lo tanto este Tribunal tiene jurisdicción para resolverlo, pues el art. 78 de la Orden General No. 118, aplicable al caso, establece que procederá el recurso de casación, hoy de apelación, para ante el Tribunal Supremo, en todos los asuntos civiles con excepción de los juicios de que conocieren los Jueces Municipales, ó sea de aquellos juicios cuyo interés no exceda de cuatrocientos dollars, y como en el presente caso la cuantía de la reclamación excede de esta suma, es claro que procede la admisión del recurso interpuesto, sin que pueda alegarse que se trata de resolución recaida en asunto contencioso-administrativo, pués aparte de que la jurisdicción contenciosa-administrativa ha sido ya suprimida, la antígua ley de lo Contencioso-administrativo otorgaba recurso de apelación contra sentencias dictadas en pleitos que tenían tal carácter.

En cuanto al recurso de apelación contra la resolución del Tesorero de Puerto Rico, de dos de Noviembre del año próximo pasado, admitido y tramitado por la Corte de San Juan, el art. 374 del Código Político dice textualmente como sigue:

"Dentro de los treinta días después de haberse ultimado la valoración y cómputo de la contribución, podrá cualquiera persona ó beneficiario, á quien ésta afecte, apelar contra dicha valuación y cómputo al Tribunal de Distrito del Distrito donde los bienes radiquen, á condición de que haya pagado todas las costas, ó dado fianza para el pago de ellas, y además, cualquiera contribución que hubiera sido impuesta sobre la manda, legado, donación ó herencia; y dicho Tribunal de Distrito procederá á resolver el asunto, tan pronto como sea posible."

La valoración y cómputo de la contribución, que es objeto de reclamación por parte de Doña Alice Basanta, fueron ulti-

mados por Tesorería en veinte y dos de Abril del año próximo pasado, en que se ordenó el cobro de dicha contribución, y tan ultimadas estaban aquellas operaciones que el pago de la contribución se hizo por Don Juan F. Finlay el día 25 del propio mes, sin mediar la más lijera protesta.

Cierto que Da. Alice Basanta, como parte interesada ó beneficiaria, pudo apelar contra dichas operaciones dentro del término de treinta días que el citado artículo señala; pero lejos de hacerlo así, y no obstante de estar enterada de tales operaciones desde el día 11 de Mayo siguiente, en que su Letrado empezó á hacer reclamaciones en Tesorería con motivo del asunto, dejó caducar aquél derecho, sin que pueda alegar hoy que el término de treinta días fué interrumpido por sus reclamaciones, pues éstas, como abiertamente contrarias á la ley, y hechas ante una autoridad administrativa, cuya jurisdicción en el asunto había propiamente terminado desde el día 22 de Abril, no podían favorecerle, á los efectos de interrumpir el término para ejercitar un derecho de apelación.

Aún hay más, y es que en el supuesto de que fuera resolución definitiva en el asunto la dictada por Tesorería en dos de Noviembre, por la que se estimó que Da. Alice Basanta había satisfecho quinientos ochenta dollars cincuenta y seis centavos menos de lo que debía satisfacer, es obvio que no habiendo pagado esa diferencia, no debió admitirsele el recurso interpuesto, sin que por ello se entienda que la Tesorería tuviera intención de cobrar esa diferencia á la Basanta, ni que le asistiera jurisdicción para ordenarla  Esa jurisdicción, en lo favorable y en lo adverso, terminó en veinte y dos de Abril del corriente año.

Siendo improcedente el recurso de apelación interpuesto ante la Corte de San Juan contra la resolución que dictó la Tesorería en dos de Noviembre del año próximo pasado, se hace innecesario discutir las razones que atañen al fondo de la cuestión debatida.

Por las razones expuestas es de anularse la sentencia dic-

tada por la mayoría de los Jueces de la Corte de San Juan, en veinte y cinco de Febrero último, y debe declararse sin lugar la demanda ó recurso de apelación interpuesto contra la resolución del Tesorero de Puerto Rico de dos de Noviembre del año último.

*Revocada.*

Jueces concurrentes: Srs. Presidente, Quiñones y Asociados Figueras, MacLeary y Wolf.